IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00705-JKP |
| | § | |
| vs. | § | |
| | § | |
| OMAR JOSE CALZADA, ABRAHAM | § | |
| ADAM GARCIA MATA, | § | |
| | § | |
| *Defendants.* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns Omar Calzada's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] and the "Notice of Removal to United States Federal Court" attached to the motion, which is signed by both Calzada and Abraham Adam Garcia Mata. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Calzada seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motion and the notice of removal filed by Caldzada and Mata, the undersigned recommends that the Court remand Calzada's and Mata's cases to state court and dismiss without prejudice Calzada's motion to proceed IFP.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The district court exercises discretion in determining whether to extend the privilege of IFP status to parties who are unable to pay filing fees.  *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).

Calzada's motion to proceed IFP includes his income and asset information, which indicates that he is self-employed as a landscaper and handyman and receives approximately $500.00 per week ($2,000.00 per month) in income.  Calzada also indicates that he receives other income in the form of rent payments, interest, or dividends but does not approximate the amount of such payments.  Although Calzada states that he has zero funds in his checking or savings accounts, he only estimates his monthly expenses as $1,375.00.  This information therefore does not demonstrate that Calzada lacks the monthly resources to pay the filing fee, as it accounts for only $1,375.00 of his stated $2,000.00 in monthly income.

Regardless, the undersigned is recommending that this case (and Mata's separate case) be remanded for lack of jurisdiction, as is explained in more detail below, and so the Court should dismiss the pending IFP application rather than request additional information from Calzada.

## II.  Improper Attempt to Consolidate Separate State Criminal Cases

There is no statutory basis for the pre-removal consolidation of Calzada's and Mata's separate criminal cases.  Attached to Calzada's IFP motion is a "Notice of Petition for Removal

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

of Action under 28 U.S.C. § 1443(a)" and other miscellaneous documents.  (Removal Notice [#1-1] at 1–58.)  The "Notice of Removal" attempts to remove separate criminal proceedings pending in Bexar County, Texas against Calzada and Mata pursuant to 42 U.S.C. § 1443 and consolidate them in this federal civil action.  A search of cases filed in the Western District of Texas reveals that Mata has previously attempted to remove a criminal case from Bexar County to this Court pursuant to another federal removal statute with a similar filing, and the District Court remanded the action.  *See State of Texas v. Mata*, 5:19-cr-922-DAE-1.  A search of Bexar County court records indicates that there are two charges currently pending against Calzada, one for harassment and the other for taking the weapon of a police officer, both of which are awaiting indictment.  *See State of Texas v. Calzada*, Nos. 567906, 640180.  There are four open criminal cases against Mata, as well as a separate forfeiture action, at different stages of proceedings, from awaiting indictment to awaiting trial.  *See State of Texas v. Mata*, Nos. 2019-CR-11436, 2019-CR-12733, 519611, 519613.  These cases are pending in different Bexar County criminal district and county courts.

Calzada's and Mata's attempt to consolidate all of these criminal cases for the purpose of removal is procedurally improper.  There is a mechanism for the consolidation of two civil actions involving a common question of law or fact under Federal Rule of Civil Procedure 42.  However, the only way for Calzada and Mata to potentially avail themselves of this procedure would be to separately remove their criminal cases by each paying the filing fee or seeking leave to proceed IFP and then filing a motion for consolidation advancing the reasons that consolidation is proper.   Even if the cases were removed separately, however, the Court would not have jurisdiction over either for the reasons set forth herein.

3

### III.  Subject Matter Jurisdiction

The  Court  should  remand  both  Mata's  and  Calzada's  cases.    A  federal  court  is empowered to evaluate its subject matter jurisdiction *sua sponte*.  *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).  The Notice of Removal filed by Mata and Calzada challenges the validity of the warrants underlying their state criminal proceedings and asks the Court to restrain all law enforcement officers currently active in Bexar County from issuing any further arrest or search warrants on Calzada or Mata until this case is resolved.  The Notice also asks the Court to order the removal of the GPS monitor that has been placed on Calzada while on bond. Because  neither  Calzada  nor  Mata  has  established  that  removal  of  his  criminal  cases  under Section 1443 is proper, the Court should remand their cases to state court.

28 U.S.C. § 1443 is a civil-rights removal statute, which provides a basis for removing specific civil actions or criminal prosecutions from state to federal court that would not otherwise be removable under the federal court's original jurisdiction.  The statute states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Removal statutes are strictly construed in favor of remand.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  The burden of establishing federal jurisdiction is

heavy, and it is borne by the removing party. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

Calzada and Mata state that they are removing their criminal cases pursuant to Section 1443(a). The undersigned therefore construes their removal request under Section 1443(1), as there is no subsection (a) to Section 1443 and removal is not plausible under Section 1443(2). The Supreme Court has held "that the second subsection of Section 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966); *see also Charter School of Pine Grove, Inc. v. St. Helena Parish School Bd.*, 417 F.3d 444, 446 (5th Cir. 2005). Neither Calzada nor Mata alleges he is a federal officer or agent; Section 1443(2) is therefore not a means for removal in this case.

Calzada's and Mata's removal request under Section 1443(1) is also without merit. Under Section 1443(1), a defendant must satisfy a two-pronged test to remove an action. *Georgia v. Rachel*, 384 U.S. 780, 787 (1966). First, the defendant must prove that the rights allegedly denied them him under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 792. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Second, the defendant must prove that he has been "denied or cannot enforce" the specific federal rights in state court. *Rachel*, 384 U.S. at 794. The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to
> the state courts except in the rare situations where it can be clearly

> predicted by reason of the operation of a pervasive and explicit state or
> federal law that those rights will inevitably be denied by the very act of
> bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 828.  Section 1443(1) "has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983).

Calzada and Mata have not satisfied this test.  The Notice of Removal accuses Mary Angie Garcia, the District Court Clerk for Bexar County, of permitting the issuance of search and arrest warrants without the requisite showing of probable cause and without certifying signatures and proper court seals.  The Notice alleges that these procedural defects do not comply with various provisions of the Texas Code of Criminal Procedure or the federal constitutional mandates protecting Calzada and Mata from illegal search and seizure under the Fourth Amendment and due process and equal protection under the Fifth and Fourteenth Amendments.

The Notice of Removal does not complain of the inequitable administration of the laws based on racial inequality.  Rather, it argues that their prosecutions in Bexar County would violate generally applicable state procedural and federal constitutional provisions.  *See Johnson*, 421 U.S. at 219.  Moreover, even if Calzada and Mata could show that the Texas criminal procedural provisions or constitutional mandates confer "specific civil rights stated in terms of racial equality," they have not shown that any Texas law or policy prevents them from raising their procedural or constitutional concerns by moving to suppress the allegedly defective warrants in state court.

The Texas Code of Criminal Procedure contains an exclusionary rule prohibiting the admissibility of evidence obtained in violation of the United States and Texas constitutions and

federal and state laws.  Tex. Code Crim. Proc. Ann. art. 38.23(a).  The Fourth Amendment to the United States Constitution mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."  U.S. Const. amend. IV; *see also* Tex. Code Crim. Proc. Ann. art. 1.06.  The Fourth Amendment was made applicable to the States by the Fourteenth Amendment. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003).  Article I, section 9 of the Texas Constitution and the Fourth Amendment to the United States Constitution "are the same in all material aspects."  *White v. State*, 746 S.W.2d 775, 776 (Tex. App.—Dallas 1985, no pet.).  Neither Calzada nor Mata has demonstrated that his procedural and substantive rights cannot be vindicated in state court.

### IV.  Conclusion and Recommendation

In summary, the notice of removal does not contain allegations sufficient to establish removal jurisdiction under Section 1443.  Thus, the undersigned **RECOMMENDS** that the District Court remand Calzada's case and Mata's case for lack of jurisdiction and **DISMISS WITHOUT PREJUDICE** Calzada's motion to proceed IFP.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party

filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of June, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE